(58 App. Div. 131.)

PEOPLE ex rel. ROLF v. COLER, Comptroller.

(Supreme Court, Appellate Division, First Department.   February 8, 1901.)

1. MANDAMUS—MUNICIPAL CORPORATIONS—PUBLIC WORK— PAYMENT—CERTIFI-
   CATE OF CHIEF ENGINEER—PRIMA FACIE CASE.
       In mandamus proceedings to compel the comptroller of New York City
   to draw his warrant in payment of a sum due relator, a public contractor,
   under a contract, the certificate of the engineer in chief of the department
   of docks and ferries, having jurisdiction of the work, that there had been
   earned under the contract a sum sufficient to entitle the contractor to the
   payment represented by the warrant sought, was sufficient to establish
   a prima facie case in favor of relator.

2. SAME—RETURN—CONTRACT—DENIAL OF PERFORMANCE.
       Where a provision in a city contract that the certificate of the engineer
   should be conclusive applied only to the contractor, and did not bind the
   city nor its officers, a return to a petition for mandamus by the contractor
   to compel issuance of a warrant on a certificate of the chief engineer of
   the department having jurisdiction of the work, alleging that the work was
   not done according to the plans and specifications, but was constructed
   from rotten and unsound timber, and that the same was not properly
   constructed, constituted a complete answer to the application, and, if
   established, will bar relator's right to relief, notwithstanding the en-
   gineer's certificate.

3. SAME—ESTABLISHMENT OF LEGAL RIGHT.
       The fact that mandamus will lie to compel a city comptroller to draw a
   warrant for the sum due under a city contract, which is admittedly due,
   the officer's act being merely ministerial, does not authorize the granting
   of such remedy where relator has not established a clear legal right, and
   hence if, in the exercise of a sound discretion, it appears to the court that
   a fair ground of contest over the performance of the contract or the
   amount due exists, relator should be left to his remedy at law.

Appeal from special term, New York county.

Mandamus by the people, on relation of Bernard Rolf, against
Bird F. Coler, comptroller of the city of New York, to compel the
issuance of a warrant for the payment of money due under contract
for dock construction.   From an order directing the issuance of a
peremptory writ, as prayed, respondent appeals.   Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN,
O'BRIEN, and INGRAHAM, JJ.

Theodore Connoly, for appellant.
L. Laflin Kellogg, for respondent.

HATCH, J.   The moving papers tend to establish that the relator
has performed his contract to an extent which entitled him to the
payment as claimed.   In support thereof he produces the certificate
of the engineer in chief of the department of docks and ferries, that
there has been earned under the contract a sum sufficient to entitle
him to the payment represented by the warrant which the order di-
rects to be drawn.   It is evident, therefore, that under former deci-
sions of this court, which are supported by the decisions of the court
of appeals, the relator makes a prima facie case upon which to base
the order.   The opposing papers tend, however, to establish that the
relator has not performed his contract according to the plans and
specifications which form a part of it, in that rotten and unsound

timber have been used instead of new and sound timber, and that the cribs upon which the surface of the pier is to be constructed are canted instead of being placed straight.    The contract under which the work is to be performed provides that the certificate of the engineer is conclusive only upon the contractor.    It does not conclusively bind the city nor any of its officers.    As to it and them it remains open, to be avoided by any facts which properly tend to impeach it.    If it be established as a fact that the work and materials used do not conform to that for which the plans and specifications call, the certificate of the engineer will not prevail.    We are not now required to examine or pass upon the question as to how far or upon what subjects proof in avoidance of the certificate may be given, except to determine whether the city is estopped by the certificate from showing that the performance of the contract is not in compliance with the plans and specifications.    It is evident that, so far as this subject is concerned, the city is not estopped by anything which the contract contains.    On the contrary, such subject remains open, so far as the city and its officers are concerned, as the same is not made binding upon it or them.    This court has decided that where there exists no dispute as to the performance of the contract, that the sum secured to be paid thereby is admittedly due, and all that remains to be done is the drawing and delivery of the warrant of the comptroller, such officer stands in the relation of performing a mere ministerial act, which the court will compel to be done by a writ of mandamus.    People ex rel. Rodgers v. Coler (Sup.) 67 N. Y. Supp. 701; People ex rel. Treat v. Coler (Sup.) 68 N. Y. Supp. 767 (both cases as yet officially unreported).

These cases, however, are not authority for the issuance of a mandamus in every case, even though the contractor makes out a prima facie case entitling him thereto.    The party moving for the writ must establish a clear legal right thereto, and, where he has a remedy to enforce payment by action, he will ordinarily be remitted to that remedy.    The application for the writ is addressed to the sound discretion of the court, and if it can see that there exists, or may exist, a fair ground of contest over the performance of the contract, or the amount due thereunder, the writ will be refused, and the party will be remitted to his action to establish his claim.    In re Freel, 148 N. Y. 165, 42 N. E. 586;  People ex rel. Beck v. Coler, 34 App. Div. 167, 54 N. Y. Supp. 639.

It is quite clear that, upon the proof submitted by the opposing papers herein, the city may have a perfectly good defense to the present claim upon the merits.    This consideration furnishes abundant reason why the writ should not be granted, and why the relator should be remitted to his remedy by action to enforce the claim.    It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the motion for the writ denied, with $10 costs.

INGRAHAM and McLAUGHLIN, JJ., concur.    VAN BRUNT, P. J., and O'BRIEN, J., concur in result.