In the Matter of the Application of ALFRED M. BURDICK and Another, Respondents, for an Order of Mandamus against ROY F. HALL, District Engineer of Department of Public Works, and Others, Appellants.

Fourth Department, May 6, 1931.

*John J. Bennett, Jr., Attorney-General* [*Charles E. McManus, Assistant Attorney-General,* of counsel], for the appellants.

*John H. O'Brien,* for the respondents.

PER CURIAM. Petitioners, respondents, made a contract in writing with the State of New York, through the Department of

Public Works, to sell the State some real property. The matter progressed to the extent that the title was passed by the State Department of Law, a certificate was delivered that all taxes and assessments against the property were paid, a suitable abstract of title was accepted and a deed to the property was delivered and recorded. Thereupon, a check for $29,000, the agreed consideration, was delivered into the possession of the District Engineer of the Department of Public Works located at Watertown, for transfer to petitioners. Delivery was refused, this proceeding was instituted and an order of peremptory mandamus granted. The answer submitted by appellants asserts that a turbine, some boilers and some machinery were a part of the real estate to be conveyed; that they were surreptitiously removed from the premises by respondents and sold intermediate the preliminary negotiations and the execution of the check mentioned. This answer raises a factual issue of importance as to whether or not the property removed was a part of the realty and was to be delivered into the possession of appellants as such.

This claim is not of the class which are frequently before the courts, *e. g.*, relative to payment of the salary of an official or payment of fees fixed by statute or an adjudicated claim. Nor does the case present a situation in which (as in *Matter of Freel*, 148 N. Y. 165, 170) a contract has been completed beyond dispute, whereby the duties devolving upon the Comptroller become entirely ministerial. This is a proceeding to compel specific performance of a contract to buy and pay for real property. It is a means of determining a question of title. (*Durant* v. *Whedon*, 201 App. Div. 196, 202.) Despite the progress made in and about transferring title, a question of materiality has arisen concerning the property capable of transfer, a claim of breach of contract by petitioners which borders on fraud. And the objection was raised by respondents with all due promptness. The fact that a check has been issued and delivered into the possession of a subordinate employee of the State is of no controlling importance. The check is still in the possession of the State.

Orders of mandamus issue " to compel the performance of official duty clearly imposed by law, where there is no other adequate specific remedy. The duty must be positive, not discretionary, and the right to its performance must be so clear as not to admit of reasonable doubt or controversy." (*Matter of Burr* v. *Voorhis*, 229 N. Y. 382, 387.) This claim is really against the State. It is the State which is denying respondents' right to be paid. The controversy searches the merits of the whole transaction. Respondents have an entirely adequate remedy at law, an action in the Court of

Claims. (Court of Claims Act, § 12; Id. § 15, as amd. by Laws of 1921, chap. 474.) The circumstances are such that the drastic remedy of mandamus should not be granted. (*People ex rel. Rolf* v. *Coler*, 58 App. Div. 131; *People ex rel. Lentilhon* v. *Coler*, 61 id. 223; *People ex rel. Beck* v. *Coler*, 34 id. 167, 169.)

In the exercise of our discretion (*People ex rel. Elmira Advertiser Assn.* v. *Gorman*, 222 N. Y. 712), and being of the opinion that even an alternative order should not issue, we reverse the order appealed from, with ten dollars costs and disbursements, and deny the motion, with ten dollars costs.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

Order reversed on the law, with costs, and motion denied, with ten dollars costs and disbursements.