Jacob Markowitz, J.
This is an article 78 proceeding in the nature of mandamus to compel the respondents to take official action for the holding of a departmental trial to hear *664 certain charges brought by petitioner, a private individual, against a police officer. Respondents cross-moved to dismiss the petition for legal insufficiency.
The allegations of the petition are silent with respect to any law or regulation requiring the Mayor or police commissioner to take official action on complaints of private individuals against police officers.
Although the police commissioner is entrusted with discretion in investigating charges, conducting hearings and disciplining members of the police force, the nature and extent of the action to be taken thereon lie within his sole discretion and judgment. Accordingly, the court may not interfere with the police commissioner’s judgment where, as here, the matter involves the exercise of discretion on his part and does not involve the performance of a clear duty imposed by law (Matter of Gimprich v. Board of Educ., 306 N. Y. 401, 406).
While the New York City Charter (§ 5), authorizes the Mayor to keep informed of the actions of his officials, it does not require him to interfere with their discretionary powers. Under such circumstances to permit private individuals, by way of mandamus, to compel the Mayor or the police commissioner to perform a general course of official conduct would unduly interfere with the exercise of their official duties (People ex rel. Judge v. Hylan, 200 App. Div. 430).
The petitioner, however, has adequate remedies to protect his private rights against the police officer and thereby to obtain redress (Matter of Burdick v. Hall, 232 App. Div. 387).
Accordingly, mandamus will not lie and the cross motion to dismiss the petition is granted.