In the Matter of ISAAC SILBERMAN, on Behalf of Himself and All Other Persons Similarly Situated, Appellant, against LUIS DE HOYOS et al., Constituting the Board of Trustees of the Village of Monticello, Respondents.— Appeal from an order of the Supreme Court at Special Term which dismissed for insufficiency the petition in a proceeding under article 78 of the Civil Practice Act for an order in the nature of mandamus directing the respondents, constituting the Board of Trustees of the Village of Monticello, to enforce certain ordinances prohibiting the erection of signs upon or over village property without a written permit therefor, by compelling the removal of some 56 signs described in a list attached to the petition. The ordinance prohibiting the erection of any sign over village property provides that any such sign attached to a building shall be a public nuisance and shall be removed and confiscated at the direction of the village board, and imposes a penalty for each violation, which shall, in addition, constitute disorderly conduct and subject the violator to arrest and punishment as a disorderly person. The ordinance prohibiting the attachment of signs to, and their maintenance upon poles owned by the village prescribes similar but somewhat less severe punishment. The petition alleges " that the portion of the public street known as Broadway, lying between the sidewalk and the curb is owned by the Village of Monticello ", but this upon information and belief; and that many persons have erected and continue to maintain business signs upon such village property on Broadway and adjacent streets. As above noted, some 56 such signs are listed and it is alleged that they are maintained by 56 persons, but none of them is named. In addition to this omission, respondents' brief suggests other complications, such as claims of title to the lands allegedly encroached upon and the supposed necessity of establishing the dates of erection of the signs as subsequent to the effective date of the particular ordinance involved. Additionally, it may be noted that although the ordinances may be violated by any one of a number of acts, the only factual allegation of the petition with respect to violations is that " many people * * * have erected signs on Village property between the sidewalk and the curb "; and the remaining allegations are purely conclusory, there being no indication of the particular act of violation with respect to any one or more of the 56 signs. Nevertheless, and despite the insufficiency of these allegations, as well as the complicating factors suggested by respondents, and to which we have alluded, the petition demands that the respondents summarily remove the signs. In these many respects the case differs from *Matter of Ciminera* v. *Sahm* (4 N Y 2d 400) upon which appellant relies. There, it would seem, the clear-cut violations alleged and the public waste and derelictions of official duty averred could be either demonstrated or disproved by mere observation, and — of equal importance in our view — the demand for relief was for an order which would simply direct (p. 402) " the town officials to enforce the provisions of the ordinance, and to take steps to collect the license fees due since the enactment of the ordinance." In the case before us, it seems so clear as to require no discussion that even upon a sufficiently factual petition and a proper demand for relief, the court

could not assume to supervise and enforce, under pain of contempt, the village officials' investigation of the various questions of law and of fact bearing upon each of the 56 supposed violations and thereupon appraise the propriety and sufficiency of the officials' subsequent action in each case. It seems equally clear, on the other hand, that relief may not properly be granted in accordance with the present prayer of the petition so as, under the guise of mandamus, to require the summary removal of the signs without regard to the rights of the owners, who are not parties to this proceeding and could not be heard herein. We do not construe the *Ciminera* case (*supra*) as overruling *Matter of Walsh* v. *La Guardia* (269 N. Y. 437) which seems to us in point. It was there (p. 441) said: "Mandamus is used to enforce an administrative act positively required to be done by a provision of law. It is not used for the purpose of preventing third parties from doing illegal acts." Order unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.