In the Matter of HERBERT A. POSNER et al., Appellants, *v.* ARTHUR LEVITT, as Comptroller of the State of New York, Respondent.

Third Department, November 3, 1971.

Herbert A. Posner, appellant in person, and for Guy R. Brewer, appellant.

Louis J. Lefkowitz, Attorney-General (Jean M. Coon and Ruth Kessler Toch of counsel), for respondent.

SIMONS, J. This is an appeal from an order and judgment of the Supreme Court, entered in Albany County, which granted a motion by respondent to dismiss appellants' petition seeking relief under article 78 of the CPLR on the grounds of legal insufficiency, and dismissed the proceeding.

The appellants having failed to sustain a challenge to the constitutionality of a State budget because they lacked standing (see Matter of Posner v. Rockefeller, 26 N Y 2d 970), now seek by way of mandamus to compel the respondent Comptroller to do so. The issue is not, as appellants claim, whether the Comptroller has legal standing to maintain such an action but rather it is whether the court may order him to institute litigation to challenge the legality of the State budget as adopted.

An article 78 proceeding in the nature of mandamus is an appropriate remedy to compel performance of a statutory duty that is ministerial in nature but not one in respect to which an officer may exercise judgment or discretion. (Matter of Gimprich v. Board of Educ. of City of N. Y., 306 N. Y. 401; Matter of Frey v. McCoy, 35 A D 2d 1029.) A ministerial act amenable to mandamus has been defined as a specific act which the law requires a public officer to do in a specified way on conceded facts without regard to his own judgment. (People ex rel. Elmira Advertiser Assn. v. Gorman, 169 App. Div. 891, app. dsmd. 222 N. Y. 712.) Manifestly, the Comptroller may not be compelled to institute a declaratory judgment action to test the legality of the budget.

The advisability of undertaking such litigation involves broad areas of judgment and discretion. It is not mandated by the Constitution either in section 7 of article VII which specifies that no money may be paid out by the State " except in pursuance of an appropriation by law " or by the duties imposed upon the Comptroller by section 1 of article V. Respondent may have standing to test the validity of the budget but he is not obliged to do so and the petitioners may not use mandamus proceedings to compel him to test the actions of others. (*Cortellini* v. *City of Niagara Falls,* 257 App. Div. 615, rearg. den. 258 App. Div. 852; *Matter of Goldberg* v. *Wagner,* 9 Misc 2d 663, affd. 5 A D 2d 857, cert. den. 357 U. S. 943.)

The order and judgment should be affirmed.

HERLIHY, P. J., STALEY, JR., GREENBLOTT and SWEENEY, JJ., concur.

Order and judgment affirmed, without costs.