HON. SILAS EAKINS Chairman, New York State Soil and Water Conservation Committee
This is in reply to the inquiry of Mr. W.F. Croney, Executive Secretary of your Committee, dated April 12, 1976, in which he requested my opinion as to "what are the alternatives available to the State Soil and Water Conservation Committee when a county soil and water conservation district fails to abide by the policies prescribed by the Committee?"
Mr. Croney's letter notes that a particular county soil and water conservation committee may be in conflict with four specified points of policy duly adopted by the State Soil and Water Conservation Committee, of which policy all districts were notified by letter dated January 29, 1976.
Soil and Water Conservation Districts Law, § 4(4) provides, in pertinent part:
 "(4) In addition to the duties and powers hereinafter conferred upon the state soil and water conservation committee, it shall have the following duties and powers:
 "a. To adopt such policies in the carrying out of district programs as it deems appropriate;
* * *
 "c. To approve and coordinate the programs of the several soil and water conservation districts organized thereunder;"
In addition, § 4(1) of the Soil and Water Conservation Districts Law provides that "The committee * * * may perform such acts, and promulgate such rules and regulations as may be necessary for the execution of its functions under this chapter".
The very wording of the statute makes clear that it is the legislative intent that the policies adopted by the State Committee be carried out by the districts, and it is "hornbook law" that the legislative intent is to be effectuated. McKinney's Statutes, § 96.
The Soil and Water Conservation Districts Law does not provide specific means to enforce the Committee's powers, nor do I find an applicable general law. However, this does not deny the Committee a remedy to effectuate its policies. Section 364 of McKinney's Statutes provides, in pertinent part, that "If a new right is created by statute, and no remedy is prescribed for the party aggrieved by the violation of such right, the court will presume that it was the intention of the Legislature to give to the party aggrieved a remedy by a common law action for the violation of the statutory right, and he will be permitted to recover in an appropriate action founded upon the statute".
Our Court of Appeals has held that an Article 78 proceeding in the nature of mandamus is an appropriate remedy to compel performance of a statutory duty that is ministerial in nature, but not one in regard to which an officer may exercise judgment or discretion. Matter of Gimprich v. Bd. of Educ. of City ofNew York, 306 N.Y. 401, 406 (1954).
A ministerial act amenable to mandamus has been defined as a specific act which law requires a public officer to do in a specified way on conceded facts without regard to his own judgment. Mtr. of Posner v. Levitt, 37 A.D.2d 331, 332 (3rd Dept., 1971).
The four points of policy adopted by the State Committee, and which are not being complied with, read as follows:
 "(1) Soil and Water Conservation Districts be advised to exclude the sale of balled and burlapped or containerized nursery vegetative materials as part of their program.
 "(2) Soil and Water Conservation Districts limit their sales of nursery vegetative materials to bare-root stock.
 "(3) Soil and Water Conservation Districts when selling shrubs will dispense varieties that lend themselves to the districts' wildlife and conservation program.
 "(4) The State Soil and Water Conservation Committee suggest to County Soil and Water Conservation Districts that sales be limited to a minimum of 10 plants per variety."
Items (1) and (2), read together, and (3), prescribe purely ministerial duties, except that the districts have discretion to determine the particular type of shrubs to be sold under item (3). By its very wording, item (4) does not impose a ministerial duty since it merely "suggest[s]" a policy to be followed by the districts.
In view of the above, it is my opinion that the State Soil and Water Conservation Committee has the authority to compel the soil and water districts to abide by the policies it has adopted in carrying out of district programs pursuant to Soil and Water Conservation Districts Law, § 4(1) and (4) and may enforce those of its policies which require the district to perform a duty which is ministerial in nature by means of an Article 78 proceeding.