Thomas Aloi, J.
Petitioner Frank H. Hiscock Legal Aid Society has brought a proceeding under CPLR article 78 in the nature of mandamus to compel the City of Syracuse, the respondent, to implement provisions of CPL article 150 relating to the issuance of appearance tickets for certain offenses other than felonies.
The City of Syracuse moved under CPLR 3211 (subd [a], par 7) to dismiss the petition for failure to state a cause of action. Petitioner then requested that pursuant to CPLR 3211 (subd [c]) respondent’s motion to dismiss be treated as a motion for summary judgment.
A conference was held at which both parties agreed that there were no issues of fact and that respondent’s motion would be treated as a motion for summary judgment.
As provided in CPL article 150 an appearance ticket may be issued and served by a police officer or other public official whenever a person is arrested without a warrant for nonfelony offenses. The appearance ticket requires the accused to appear in court at a specified time to answer the charges that will be formally filed after the ticket has been issued. Commentaries to the CPL have heralded article 150 as a "major innovation in New York procedure * * * which * * * should prove salutary from the standpoints of the police, the accused and the public in general.” (Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 150.20.)
The City of Syracuse has established a "Released on Recognizance” program substantially equivalent to CPL 150.30 whereby superior officers of the police department may release *396 accused persons after they have been brought to the police station. However, the city has failed to implement other provisions of article 150 which would give individual police officers the authority to determine at the scene of the crime if an accused could be given an appearance ticket instead of being arrested.
The 1970 New York State Legislative Annual at page 40 in commenting on the use of appearance tickets in the new Criminal Procedure Law states: "Employed in this manner, an appearance ticket is a substitute for or an alternative to an arrest without a warrant. Upon the theory that the virtues of this alternative have not been sufficiently exploited, the proposal empowers any police officer to issue and serve an appearance ticket upon a person, instead of arresting him, in any case in which an arrest for a misdemeanor or a petty offense would be authorized (§ 150.20[1])”.
However beneficial the use of appearance tickets may be, it is well settled that the court will not usually interfere with the details of law enforcement or public administration (see Matter of Perazzo v Lindsay, 30 AD2d 179, affd 23 NY2d 764; Matter of Walsh v LaGuardia, 269 NY 437; Matter of Silberman v De Hoyos, 11 AD2d 853; Matter of International Ry. Co. v Schwab, 203 App Div 68, app dismd 235 NY 562). "It is the settled policy of the courts not to review the exercise of discretion by public officials in the enforcement of State statutes, in the absence of a clear violation of some constitutional mandate.” (Gaynor v Rockefeller, 15 NY2d 120, 131.) Here, as in Matter of Perazzo v Lindsay (supra, p 180): "There is no allegation here of any violation of a mandatory public duty to perform a specific official act as to which there is no discretion.” The failure to implement fully the provisions of article 150 is not a failure to perform mandatory public duties.
Mandamus was denied in Matter of Community Action Against Lead Poisoning v Lyons (43 AD2d 201, 202-203) when the petitioners sought to compel the respondent Commissioner of Health to institute certain procedures pursuant to the Public Health Law. "Moreover, mandamus is not available 'to compel a general course of official conduct or a long series of continuous acts’, performance of which it would be impossible for a court to oversee (People ex rel. Lehmaier v Interurban Street Ry. Co., 177 N.Y. 296, 301; 23 Carmody-Wait 2d, New York Practice, § 145:96, p. 571), and it is particularly inappro-
*397 priate where a relevant statutory duty involves the exercise of judgment and discretion (Matter of Posner v. Levitt, 37 AD2d 331).” In Matter of Posner v Levitt (37 AD2d 331, 332) the court stated that: "An article 78 proceeding in the nature of mandamus is an appropriate remedy to compel performance of a statutory duty that is ministerial in nature but not one in respect to which an officer may exercise judgment or discretion. (Matter of Gimprich v. Board of Educ. of City of N Y., 306 N. Y. 401; Matter of Frey v. McCoy, 35 A D 2d 1029.) A ministerial act amenable to mandamus has been defined as a specific act which the law requires a public officer to do in a specified way on conceded facts without regard to his own judgment. (People ex rel. Elmira Advertiser Assn. v. Gorman, 169 App. Div. 891, app. dsmd. 222 N.Y. 712.)”
Petitioner argues that the failure of the city to implement article 150 for nontraffic offenses is violative of due process and equal protection of the laws since county police agencies have adopted the use of appearance tickets. However, the city has adopted a "Released on Recognizance” program which is similar to the issuance of an appearance ticket after arrest upon posting of prearraignment bail pursuant to CPL 150.30.1 do not find that petitioner has sustained his heavy burden to prove differences in procedure afforded county as opposed to city offenders are so unreasonable or arbitrary that the State and Federal Constitutions are offended (see People v Reilly, 85 Misc 2d 702).
Petitioner urges that under the principle of the least restrictive alternative, "even though the governmental purpose be legitimate and substantial, that purpose cannot be pursued by means that broadly stifle fundamental personal liberties when the end can be more narrowly achieved.” (Shelton v Tucker, 364 US 479, 488.)
The accused, in whose behalf the petitioner complains, are being held prior to trial and are in custody because they cannot make the bail needed to insure their later presence at trial. The public interest has long been held to justify the detention of an accused for such a purpose. Since none of the conditions of punishment, deterrence or retribution found so abhorrent in Dillard v. Pitchess (399 F Supp 1225), are present in the instant case, there is no violation of due process guarantees.
Petitioner also argues that the City of Syracuse, by failing to issue appearance tickets, may be violating the provisions of *398 CPL 140.20 (subd 3) which provides: "If (a) the arrest is for an oifense other than a felony, and (b) owing to unavailability of a local criminal court the arresting police officer is unable to bring the arrested person before such a court with reasonable promptness, either an appearance ticket must be served unconditionally upon the arrested person or pre-arraignment bail must be fixed, as prescribed in subdivision two. If prearraignment bail is fixed but not posted, such arrested person may be temporarily held in custody but must be brought before a local criminal court without unnecessary delay. Nothing contained in this subdivision requires a police officer to serve an appearance ticket upon an arrested person or release him from custody at a time when such person appears to be under the influence of alcohol, narcotics or other drug to the degree that he may endanger himself or other persons.” (Emphasis added.)
If there are specific instances of unnecessary delay in bringing an accused before the court, the court may be petitioned for the appropriate relief. However, on the facts presented and arguments made by petitioner, the present application of CPL article 150 comports with constitutional guarantees. Those changes which petitioner desires can be best accomplished through legislative avenues.
Therefore, judgment is granted in favor of respondent dismissing petitioner’s cause of action. However, the court has recommended and the city has voluntarily agreed to fully comply with article 150 by making appearance tickets available to members of the Police Department. It should be noted that prior to the commencement of this proceeding, the Syracuse Police Department was preparing guidelines for the use of appearance tickets and is now in the process of training members of the department regarding their use. The implementation of the procedure outlined in CPL article 150 will be accomplished by March 1, 1977.