OPINION OF THE COURT
Con. G. Cholakis, J.
This is an article 78 proceeding brought to obtain judgment compelling the respondent, Department of Environmental Conservation, to issue a permit allowing the petitioner to mine sand and gravel. (ECL 23-2701 et seq.) The matter is before the court upon the motion of the respondent for dismissal upon objections in point of law. In support of the motion, the respondents argue that the proceeding is premature for the reason that the permit may not be issued absent the receipt of the completed application, which, in this instance, must include a final environmental impact statement. The respondents further argue that the issuance of the mining permit is in any event a discretionary act not subject to a judgment in the nature of mandamus.
Upon consideration of the submitted papers the motion to dismiss is in all respects granted. In the circumstances presented, this court may not direct the issuance of the requested permit. The issuance or denial of the permit *787 will ultimately depend upon the discretion or judgment of the respondent, acting only after a thorough review of many factors. The making of the determination, the court must agree, is not a mere ministerial act which the respondent is required to perform without regard to discretion or judgment. The relief of mandamus, accordingly, is inappropriate. (Matter of Posner v Levitt, 37 AD2d 331.)
Viewing the proceeding as one which questions the reasonableness of the respondent’s acts, the court must again agree with the respondent’s position that the proceeding is, at least, premature. The Town of Clinton, which is not a party to this proceeding, has determined that the proposed action may have a significant environmental impact and by reason of this determination the respondent is prohibited from acting upon the petitioner’s application until a final environmental impact statement has been filed. This is expressly provided by regulation enacted pursuant to statute (see ECL 70-0109, subd 4; 6 NYCRR 621.8 [a] [4]; 6 NYCRR 617.3 [a]), and however complex or unduly burdensome may be the procedures, the court does not deem it unreasonable for this respondent to act, as it does, in accordance with statute and regulation.
The court has examined the other arguments of the petitioner but finds them to be without merit. It is particularly noted that the court cannot agree that the draft impact statement filed with the Town of Clinton must be deemed the final statement by reason of the town’s delay in its acceptance. In this connection it is observed, that if the petitioner is aggrieved by any delay on behalf of this town, its remedy would, of course, be found in a proceeding against the town, and not this respondent.
Accordingly, the respondent may submit judgment dismissing the petition.