■ MARTHA TRIVIZAS, Appellant, v CITY OF NEW YORK et al., Respondents.—Order, Supreme Court, New York County (Francis Pecora, J.), entered August 5, 1987, which denied plaintiff's motion for partial summary judgment, unanimously reversed, on the law, and plaintiff granted partial summary judgment on the issue of the defendants' liability, without costs.

Plaintiff brought this action to recover damages for personal injuries she allegedly suffered while a passenger aboard the Staten Island ferry when the boat smashed into the pilings of the slip on its entrance into the terminal in lower Manhattan on June 19, 1984.

Another passenger who was injured aboard this vessel, one Anna Mae Bims, brought an action arising out of this same occurrence against the same defendants in the United States District Court for the Eastern District of New York. The action was tried before Judge Mark Costantino without a jury, and that court found that the defendants were liable for their negligence in operation of the ferry boat, and awarded plaintiff damages for her injuries. *(Bims v City of New York,* unpublished slip opn No. CV-85-3612, Mar. 30, 1987.)

Following the decision in *Bims (supra),* plaintiff herein moved for partial summary judgment on the issue of liability. Plaintiff asserted that the Federal court decision should be

afforded collateral estoppel effect precluding the relitigation of the same issues in this action.

The IAS court denied the motion on the basis that issues of fact exist concerning plaintiff's possible contributory negligence, since she was allegedly standing in the stairwell, in violation of the ferry's rules, when the accident occurred.

The issue of plaintiff's contributory negligence, or her position in the boat relative to that of Ms. Bims, has no bearing on the underlying issue of the defendants' negligence in operating the boat. That issue is precisely the same in both this case and the *Bims* case *(supra)*. Since there is an identity of an issue which was necessarily decided in *Bims* and which is decisive in the present action, and the defendants having had a full and fair opportunity to litigate that issue, it is axiomatic that collateral estoppel should apply. *(Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65.) The underlying rationale of collateral estoppel, that is, the avoidance of unjustified duplication and the need for a prompt and nonrepetitious judicial system, is clearly illustrated in this case. *(Supra.)* Accordingly, partial summary judgment should be granted the plaintiff on the issue of defendants' liability for the collision.

Under the doctrine of comparative negligence (CPLR art 14-A), the factually disputed issues of whether plaintiff herself was negligent and, if so, the extent, if any, to which her own conduct may have contributed to the causation of her injuries are matters relevant to the question of damages and shall be determined at the trial to be held on that question. Since, however, plaintiff passenger's conduct, whatever it may have been, would in no way impact on the issue of defendants' negligence in the operation of the ferry, it cannot be used as a basis for denying the application of collateral estoppel effect to the previously fully litigated determination already made on that issue. Concur—Kupferman, J. P., Asch, Kassal, Rosenberger and Ellerin, JJ.