In the Matter of HELEN LIGGETT, Appellant, v EDWARD A. PICHLER, as Sheriff of the City of New York, Respondent.

First Department, December 6, 1988

## APPEARANCES OF COUNSEL

*Robert S. Churchill* of counsel *(Gerstein & Churchill, P. C.,* attorneys), for appellant.

*Alfred Weinstein* of counsel *(Leonard Koerner* with him on the brief; *Peter L. Zimroth, Corporation Counsel,* attorney), for respondent.

**OPINION OF THE COURT**

Ross, J.

This appeal presents us with the issue of whether the Sheriff of the City of New York must comply with an entered and docketed judgment of the Supreme Court, New York County, which directs execution upon and the sale of certain real property.

In 1955, Ms. Helen Liggett and Mr. Joseph Liggett (Mr. Liggett) were married, and, in 1973, they were divorced. Shortly after that divorce, in 1973, Mr. Liggett married Mrs. Mylene Liggett.

On January 24, 1975, Mr. Liggett commenced, against his former wife, Ms. Helen Liggett, a declaratory judgment action to determine her rights, if any, to shares of stock Mr. Liggett had sold, pursuant to his interpretation of the terms of a written separation agreement, entered into on June 30, 1970. In response, on or about February 12, 1975, Ms. Helen Liggett commenced an action against Mr. Liggett for a money judgment, based upon her alleged rights, under the separation agreement, to a portion of the stock sale by Mr. Liggett, for allegedly in excess of $2 million. Both of those actions were commenced in the Supreme Court, New York County, and were consolidated for trial (1975 action).

After Mr. Liggett became a defendant in Ms. Liggett's 1975 action, he conveyed, in August 1975, to Mrs. Mylene Liggett, as sole owner, certain real property located at 6 Riverview Terrace (premises), New York County. Prior to the conveyance of these premises, Mr. Liggett and Mrs. Mylene Liggett allegedly had held that property as tenants by the entirety.

Subsequently, in the 1975 action, a jury returned a verdict in favor of Ms. Helen Liggett. Following this verdict, a judgment was entered, March 20, 1980 (March 1980 judgment), in favor of Ms. Helen Liggett and against Mr. Liggett, in the total amount of $508,129, which included the $338,472 awarded by the jury, plus $119,247 interest, and plus $410 costs and disbursements.

Approximately a month before the March 1980 judgment was entered, Ms. Helen Liggett (plaintiff) commenced a second action (1980 action) in the Supreme Court, New York County, against defendants Mr. Liggett and Mrs. Mylene Liggett (defendants). The plaintiff, in the 1980 action, sought, *inter alia,* a judgment setting aside the conveyance of the premises, upon the ground it was fraudulent, and an order directing the sale

of the premises to satisfy the money judgment Ms. Helen Liggett had obtained against Mr. Liggett in the 1975 action, discussed *supra.*

After the joinder of issue in the 1980 action, plaintiff moved for partial summary judgment on the second and third causes of action in the amended complaint. Special Term granted that motion since it found that defendant Mr. Liggett had fraudulently conveyed the subject premises to defendant Mrs. Mylene Liggett, in violation of the provisions of Debtor and Creditor Law § 273-a.

The language of the Debtor and Creditor Law § 273-a is similar to that found in Uniform Fraudulent Conveyance Act § 4 (7A ULA 474 [1985]) and reads: "Every conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment."

Specifically, Special Term stated in its decision granting partial summary judgment to plaintiff that defendant Mr. Liggett had conveyed the premises to Mrs. Mylene Liggett without fair consideration, at a time when Mr. Liggett was a defendant in Ms. Helen Liggett's prior 1975 action, which sought money damages, and that after the March 1980 judgment was entered and docketed in Ms. Helen Liggett's favor and against Mr. Liggett in that 1975 action, defendant Mr. Liggett had failed to satisfy said judgment.

Thereafter, upon the basis of Special Term's decision, *supra,* a resettled order and judgment (one paper) was entered February 2, 1984 (1984 judgment), which, *inter alia,* permitted the plaintiff, pursuant to CPLR 5236, "to immediately execute upon and sell, free and clear of all tenancies, occupancies, adverse claims and claims of rights to possession whether asserted by the defendants [Mr. Liggett and Mrs. Mylene Liggett] herein or by others * * * [the premises], including the furnishings, fixtures and appurtenances[,] * * * to satisfy the judgment entered in this court in the action entitled 'Joseph Liggett v. Helen Liggett', Index No. 30684/75, entered March 20, 1980, in favor of Helen Liggett and against Joseph Liggett in the sum of $508,129.00 together with interest * * * from March 20, 1980 to the date of such sale". Defendants appealed this 1984 judgment to this court.

Our examination of the record in that appeal indicates that the defendants, in substance, argued that the conveyance of the premises to Mrs. Mylene Liggett was not fraudulent; and although, thereafter, Mrs. Mylene Liggett transferred the premises to Ms. Marguerite Sibthorp (Ms. Sibthorp), by deed, filed February 22, 1980 in New York County, Mrs. Mylene Liggett continued to have a surviving interest in the premises as a tenant by the entirety. After hearing the appeal, by order, entered March 14, 1985, we unanimously affirmed the 1984 judgment for the reasons stated by Special Term (109 AD2d 642).

Subsequent to our affirmance, we denied defendants' motion for leave to appeal to the Court of Appeals. Thereafter, the Court of Appeals denied such leave (65 NY2d 606), as well as a motion to reargue their denial (65 NY2d 1054).

Since this court had affirmed the 1984 judgment and the defendants had been denied leave to appeal to the Court of Appeals from that affirmance, the plaintiff, upon the basis the 1984 judgment was binding on the parties for all purposes, on March 20, 1985, filed with the Sheriff, pursuant to CPLR 5230 (b) and 5236, an execution which sought a sale of the premises, as provided in that judgment. In response, the Sheriff contended he could not sell the premises, in their entirety, as provided for in the 1984 judgment, in view of the fact plaintiff allegedly only had a money judgment against Mr. Liggett, and, therefore, could only sell Mr. Liggett's interest, if any, and not Mrs. Mylene Liggett's interest.

Since the Sheriff continued not to act in March 1987, plaintiff (petitioner) instituted, by notice of petition and verified petition, a proceeding, against the Sheriff, pursuant to CPLR article 78, for an order to compel the Sheriff to execute upon and sell the premises, in accordance with the terms of the 1984 judgment. The Sheriff cross-moved to dismiss this petition. After considering the matter, the IAS court denied the petition and dismissed the proceeding.

In pertinent part, County Law § 650 (1) states "[t]he sheriff shall perform the duties prescribed by law as an officer of the court". It has long been held that one of the duties of the Sheriff, as an officer of the court, is to execute the "mandates" of the court (see, Enstrom v City of New York, 258 App Div 672, 675 [1940], lv denied 283 NY 777 [1940]; 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2223.01, at 22-147).

The word "mandate" is defined in General Construction

Law § 28-a, and that definition reads, in pertinent part: " 'Mandate' includes a writ, process or other written direction, issued pursuant to law * * * by a * * * judge * * * and commanding * * * an officer [such as a Sheriff] * * * named or otherwise designated therein, to do * * * an act therein specified".

A discussion about the meaning of a "mandate" appears in Weinstein-Korn-Miller (vol 2A, NY Civ Prac ¶ 2223.01, at 22-147) and Siegel, Practice Commentaries (McKinney's Cons Laws of NY, Book 7B, CPLR C2223:1, at 178-179). Both of those commentaries agree that the word "officer" used in the definition of the word "mandate" (General Construction Law § 28-a) includes a Sheriff, and the Sheriff herein does not dispute that he is an officer, who is required to execute mandates of the court.

CPLR 5230 sets forth the exact procedure a creditor must use to command the Sheriff to execute upon and sell a debtor's property to satisfy a money judgment.

An "execution" is the formal document issued by the court *(see, Adolf Gobel, Inc. v Weil,* 263 App Div 817 [1941]) that authorizes a Sheriff to levy upon the property of a judgment debtor.

Based upon our examination of the execution, which the petitioner delivered to the Sheriff in the instant case, we find that it complies with CPLR 5230.

Although mandamus is a drastic and extraordinary remedy, it has repeatedly been held to be the proper procedural device to be used to compel performance by a public servant of an official function, ministerial in nature, imposed by law *(see, Matter of Sullivan v Siebert,* 70 AD2d 975 [1979]; *Matter of Fehlhaber Corp. v O'Hara,* 53 AD2d 746 [1976]; *Matter of Fried v Fox,* 49 AD2d 877 [1975]; *Matter of Posner v Levitt,* 37 AD2d 331 [1971]; *Matter of Stoll v Port of N. Y. Auth.,* 61 Misc 2d 207 [Sup Ct, NY County 1969], *affd* 32 AD2d 892 [1st Dept 1969]).

In *Matter of Posner v Levitt (supra,* at 332), the court stated, in pertinent part "An article 78 proceeding * * * is an appropriate remedy to compel performance of a statutory duty that is ministerial in nature but not one in respect to which an officer may exercise judgment or discretion. *(Matter of Gimprich* v. *Board of Educ. of City of N. Y.,* 306 N. Y. 401; *Matter of Frey* v. *McCoy,* 35 A D 2d 1029.)"

As discussed *supra,* defendants Mr. Liggett and Mrs. Mylene

Liggett initially owned the premises as tenants by the entirety, and then defendant Mrs. Mylene Liggett, after the premises had been conveyed to her, transferred them, by deed, filed February 22, 1980 to Ms. Sibthorp. Our examination of the record indicates that, eight days before Ms. Sibthorp filed the deed to the premises, Ms. Helen Liggett had filed a notice of pendency. Therefore, in view of these facts, Ms. Sibthorp took title to the premises with notice of the encumbrance thereon, and, as such, is bound by that notice (see, *Polish Natl. Alliance v White Eagle Hall Co.,* 98 AD2d 400, 404 [1983]). Incidentally, we find no evidence in the record which indicates that Ms. Sibthorp has contested the fact she is bound by that notice.

We reject the argument of the Sheriff that Mrs. Mylene Liggett may still have any interest in those premises, since we find that whatever interest she may have had was extinguished, by the 1984 judgment, which we affirmed.

Mrs. Mylene Liggett was a defendant in the 1980 action, which resulted in the 1984 judgment. In the 1980 action, the issue of Mrs. Mylene Liggett's interest in the premises was strongly litigated by her, and that is the very issue the respondent Sheriff raises herein. Since Mrs. Mylene Liggett had a full and fair opportunity to be heard on that issue in the 1980 action, and it was resolved against her, "it is axiomatic that collateral estoppel should apply" (*Trivizas v City of New York,* 137 AD2d 455, 456 [1st Dept 1988]).

In an article 78 proceeding such as this, instituted to compel the Sheriff to perform his legal duty to execute upon and sell the premises, the only question which may be raised by the respondent Sheriff in opposition is whether he has "failed to perform a duty enjoined upon [him] by law" (see, CPLR 7803 [1]).

When we apply the legal authority *supra* to the facts of the instant case, we find that the Sheriff, based upon the execution delivered to him by the plaintiff, was required, as an officer of the court, to carry out, as a ministerial act, the command contained in Special Term's mandate, and execute upon and sell the premises (see, CPLR 2223 [1]).

Accordingly, order and judgment (one paper), Supreme Court, New York County (Arthur E. Blyn, J.), entered August 24, 1987, which denied petitioner's application, pursuant to CPLR article 78, and dismissed it, is unanimously reversed, on the law and on the facts, the petition is granted, and the

Sheriff is directed to execute upon and sell the entire premises, located at 6 Riverview Terrace, New York County, as required by the resettled order and judgment, Supreme Court, New York County (Margaret Taylor, J.), entered February 2, 1984, without costs.

MURPHY, P. J., KUPFERMAN, ELLERIN and WALLACH, JJ., concur.

Order and judgment (one paper), Supreme Court, New York County, entered on August 24, 1987, unanimously reversed, on the law and on the facts, the petition is granted, and the Sheriff is directed to execute upon and sell the entire premises, located at 6 Riverview Terrace, New York County, as required by the resettled order and judgment, Supreme Court, New York County, entered on February 2, 1984, without costs and without disbursements.