■ Lisa Salisbury et al., Appellants, v Montgomery Ward Store #2623 et al., Respondents, et al., Defendant. [727 NYS2d 176] —Lahtinen, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered June 19, 2000 in Albany County, which denied plaintiffs' motion for partial summary judgment on the issue of liability.

On August 1, 1995 plaintiff Lisa Salisbury (hereinafter plaintiff) had the left rear tire of her vehicle replaced with the spare tire at the Automotive Center of defendant Montgomery Ward Store #2623 (hereinafter the store). On her way home, plaintiff heard a ticking noise from the rear of her vehicle which caused her to stop at a rescue squad garage where a rescue squad member looked at the vehicle and informed her that he

could detect no obvious defect. Before plaintiff continued on her way, she called her husband to inform him about the noise and he advised her to go to her brother-in-law's home which was a short distance from the rescue squad garage. Plaintiff drove a short distance and, upon crossing a set of railroad tracks, heard a loud noise and saw her wheel and tire roll by as her vehicle veered sharply to the right. Despite her efforts to maintain control of the vehicle, it went off the side of the road and down an embankment into a ditch causing plaintiff certain personal injuries.

Plaintiff and her husband, derivatively, brought this action asserting, *inter alia*, negligence against the store and its parent corporations (hereinafter collectively referred to as defendants), as well as the owners of the shopping mall where the store was located. Defendants' initial answer denied all of plaintiffs' allegations and asserted affirmative defenses, including the culpable conduct of plaintiff. After some discovery, plaintiff moved for summary judgment "with respect to all issues of liability," which defendants opposed, interposing an amended answer in which they admitted that they "were negligent and liable in the installation of said tire on plaintiff's vehicle," but argued that plaintiff's negligent operation of her vehicle and whether she suffered any injuries as a result of the accident raised questions of fact that precluded summary judgment on the issue of liability. Supreme Court agreed with defendants that the issue of liability could not be determined as a matter of law and denied plaintiffs' motion. Plaintiffs appeal and we now reverse.

Whether plaintiff was comparatively negligent does not prohibit the granting of summary judgment to plaintiffs on the issue of liability as "the factually disputed issues of whether plaintiff herself was negligent and, if so, the extent, if any, to which her own conduct may have contributed to the causation of her injuries are matters *relevant to the question of damages* and shall be determined at the trial to be held on that question" (*Trivizas v City of New York*, 137 AD2d 455, 456 [emphasis supplied]). Likewise, whether plaintiff actually sustained a compensable injury as a result of the accident is a question requiring medical proof and more appropriately determined at the trial on the issue of damages. Accordingly, on this record, we hold that Supreme Court erred in denying plaintiffs' motion for partial summary judgment on the issue of liability.

Crew III, J. P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is reversed, on the law, with costs, mo-

tion granted and plaintiffs are awarded partial summary judgment on the issue of liability.