Lee R. **FRITTS** and Daniel Lee Fritts

v.

Vincent **THOMPSON**, Warden.

Civ. No. 3-75-90.

United States District Court,
E. D. Tennessee, N. D.

April 21, 1976.

---

Ray Lee Jenkins, Knoxville, Tenn., for plaintiffs.

Robert B. Ray, Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Petitioners seek habeas corpus relief pursuant to 28 U.S.C. § 2254. They were convicted of larceny by the Criminal Court of Roane County, Tennessee, on November 14, 1974 and their convictions were affirmed by the Tennessee Court of Criminal Appeals on November 19, 1975. Certiorari was denied by the Tennessee Supreme Court on March 8, 1976.

The thrust of their complaint in this action is that their convictions were based on certain evidence and related testimony obtained in an illegal search of an automobile owned and operated by petitioner, Lee R. Fritts. At the time of trial this evidence was objected to on the grounds that the City Judge of Harriman, Tennessee, was without authority under State law to issue such a warrant and further that the railroad policeman who obtained the warrant did not have authority to execute a state search warrant.

Petitioner, Lee R. Fritts, the owner of the automobile, contends that the warrant was void because it was illegally issued and that the search was therefore illegal. Additionally, he contends that he was denied due process of law when the Tennessee Court of Criminal Appeals declined to reach the merits of his claim in connection with the alleged illegality of the search, holding that petitioner, Lee R. Fritts, had waived the objections he had to the search by taking the witness stand, admitting the presence in his automobile of the illegally seized items and by attempting to explain to the jury that the presence of the evidence in his car was consistent with his innocence.

Petitioner, Daniel Lee Fritts, admits that he had no standing to object to the search of his father's car but insists that the items seized were not relevant to his trial and should not have been admitted into evidence.

Before the Court is the motion of the Attorney General of the State of Tennessee to dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6), F.R.C.P. For the reasons set out below, the motion must be sustained.

It is fundamental that an application for a federal writ of habeas corpus in behalf of a person in custody pursuant to a state court judgment will be entertained "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). *See e. g. Combs v. Tennessee,* 530 F.2d 695 (6th Cir. 1976).

The narrow grounds that petitioners presented to the Tennessee Court of Criminal Appeals in support of their contention that the search was illegal were matters of state law and procedure. Whether the City Judge of Harriman had jurisdiction to issue the warrant and whether the railroad policeman had authority to execute a state search warrant are questions for the courts of the State of Tennessee, not this Court. "Determination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." *Wills v. Egeler,* 532 F.2d 1058 (6th Cir. 1976).

The grounds presented to the State courts and now to this Court challenging the search do not have constitutional proportions and therefore are insufficient to state a claim for federal habeas corpus relief.

Counsel for petitioners cites *Johnson v. United States,* 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948) and *Mancusi v. DeForte,* 392 U.S. 364, 88 S.Ct. 2120, 20 L.Ed.2d 1154 (1968) in support of the contention that a search carried out under a void state warrant is a violation of federal constitutional rights. Neither case appears to be in point since both concerned searches that were undertaken without the benefit of a search warrant.

No other objections to the search were raised before the Tennessee Court of Criminal Appeals; hence, the two grounds relied upon are the only ones that have been exhausted in the State courts. *Cf. Beasley v. Thomas,* 379 F.Supp. 195 (M.D.Tenn.), *aff'd,* 491 F.2d 507 (6 Cir. 1974).

In dismissing the petition, we do not rely on the waiver of rights which the Tennessee Court of Criminal Appeals relied upon. We go only so far as to hold that the grounds presented in this application are insufficient, as a matter of law, to state a claim for federal habeas corpus relief.

Finally, the contention of petitioner, Daniel Lee Fritts, that he is entitled to habeas corpus relief because certain allegedly irrelevant evidence was admitted at trial is without merit. Errors which may have been made during the course of a criminal trial in a state court are not reviewable in an application for federal habeas corpus relief unless there has been a deprivation of fundamental constitutional rights. *See Bishop v. Wainwright,* 511 F.2d 664 (5th Cir. 1975); *Gemmel v. Buchkoe,* 358 F.2d 338 (6th Cir. 1966), *cert. den.,* 385 U.S. 962, 87 S.Ct. 402, 17 L.Ed.2d 306 (1966).

For the reasons stated above, the motion to dismiss the application for habeas corpus relief must be sustained.

Order Accordingly.