[674 NYS2d 42]

Daniel O. Rivera, Respondent, v Raul Russi et al., Appellants.

First Department, June 11, 1998

## APPEARANCES OF COUNSEL

*Ronald E. Kliegerman* for respondent.

*Julian L. Kalkstein* of counsel (*Larry A. Sonnenshein* on the brief; *Paul A. Crotty, Corporation Counsel* of New York City, attorney), for appellants.

## OPINION OF THE COURT

ELLERIN, J.

This action for declaratory and injunctive relief was brought by plaintiff, as President of the New York City Deputy Sheriffs' Association, seeking to establish that certain activities must be carried out exclusively by the office of the Sheriff of the City of New York (Sheriff) and may not properly be performed by the New York City Police Department. Specifically, plaintiff seeks a declaratory judgment that the Sheriff is the only agency authorized to execute warrants pursuant to Mental Hygiene Law § 9.43 and that the Police Department should no longer be permitted to exercise this function. Additionally, plaintiff argues that the Sheriff is the only agency authorized to serve and process various other types of civil orders issued by the courts or individuals.

Defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the action for failure to state a cause of action, arguing that there was no justiciable controversy before the court and, in the alternative, that there was no basis in law for precluding the police from performing the described functions or for placing them within the exclusive province of the Sheriff. In response, plaintiff submitted a memorandum of law that the Police Department had filed in a Bronx County action, entitled

*Matter of Ruth Ann Smith* (index No. 24/88), in which the Department had taken a position diametrically opposed to the one it advocates in the instant action with respect to the agency charged with responsibility for enforcement of orders issued pursuant to Mental Hygiene Law § 9.43.

The IAS Court granted defendants' motion only to the extent of dismissing the third cause of action, which sought an order directing training be provided to the members of plaintiff's association in order for them to properly enforce and execute their obligations under section 9.43 of the Mental Hygiene Law, and otherwise denied the motion. Defendants now appeal.

Initially, we find that plaintiff has sufficiently set forth a justiciable controversy to warrant declaratory relief as to the proper interpretation of section 9.43 and the rights and obligations of the respective parties pursuant to that statute. Plaintiff has alleged, albeit somewhat obliquely, that the Police Department customarily carries out the functions pursuant to section 9.43 that plaintiff alleges belong, by statutory mandate, solely to the Sheriff. However, we find that plaintiff has failed to demonstrate any legal basis upon which to conclude either that the police are without the power to enforce warrants and orders issued pursuant to section 9.43, or that such authority is vested solely in the office of the Sheriff.

Mental Hygiene Law § 9.43 (a) provides that when a court is informed by verified statement that a person appears to be mentally ill, the court "shall issue a warrant directing that such person be brought before it," and if, based on the evidence, it appears that the person may have a mental illness that is likely to result in serious harm to that person or others, the court "shall issue a civil order directing his or her removal to any hospital" for a psychiatric evaluation.

It is the position of respondent Sheriff, in addition to his reliance on the City's arguments in the *Ruth Ann Smith* case, that because section 9.43 does not explicitly specify the particular party or parties who are to carry out the warrants or orders issued pursuant to that section, the Sheriff has exclusive responsibility for carrying out such mandates. As authority for such conclusion respondent relies upon the general proposition that the Sheriff is the principal civil enforcement officer of the

court and has a mandate, derived from County Law § 650,* to enforce all civil orders, including transport orders under Mental Hygiene Law § 9.43. While County Law § 650, which sets forth the "General duties of [the] sheriff", would appear to authorize the Sheriff to enforce transport orders under Mental Hygiene Law § 9.43, there is nothing contained in section 650, either explicitly or implicity, that would provide justification for construing such authority to lie exclusively with the Sheriff. Respondent also submitted in support of his position a memorandum prepared by the office of the Sheriff's counsel that states conclusorily, without reference to particularized authority, that the Sheriff is the only officer authorized to enforce certain orders and judgments issued under various articles of the CPLR, primarily involving money and property. Significantly, that very memorandum also makes reference to the Mental Hygiene Law, stating that "Sheriff enforces Emotionally Disturbed Person Warrants (EDP) in all five (5) counties. However, due to the excessive volume of warrants filed in Kings County this duty has been turned over to the police department". This statement would certainly appear to be at variance with the "exclusivity" position taken by the Sheriff in the instant matter and supportive of appellants' argument that the Sheriff and the police share concurrent responsibility in this area.

Since Mental Hygiene Law § 9.43 is silent as to what agency or agencies are authorized to carry out the warrants or orders issued thereunder, it is instructive to look at the other sections of article 9 of the Mental Hygiene Law that deal with situations in which certified or suspected mentally ill persons must be transported. These sections authorize "peace officers", "police officers", who are defined to include members of "an authorized police department or force or of a sheriff's department", or "ambulance service[s]" to perform such transport (see, § 9.27 [i] [upon request of certifying physicians]; § 9.37 [e] [upon request of a director of community services]; § 9.45 [transport for emergency admission upon request of a director of community services]; § 9.55 [transport for emergency admission upon request of psychiatrist]; § 9.57 [upon request of emergency room physician]; § 9.58 [b] [upon request of physician or qualified mental health professional member of a mobile crisis-outreach program]). In addition, section 9.41 permits police of-

---

* New York City Charter § 1526 (2) states: "Except as otherwise provided by law, the city sheriff shall exercise the functions, powers and duties formerly exercised by the sheriffs of the several counties."

ficers, again defined to include members of a police department or Sheriff's department, to transport a person for emergency admission upon direct observation by such officer and section § 9.59 (a) absolves from liability members of a police department, Sheriff's department, or ambulance service for certain injuries caused when a person is taken into custody or transported under article 9 of the Mental Hygiene Law.

It is clear from a reading of the statute as a whole that it evinces a legislative intent to provide flexibility and discretion to those who are authorized to request transport under article 9 in the selection of who, from among several alternative specified groups, is to transport and produce persons subject to the provisions of the Mental Hygiene Law. Plaintiff's argument that the absence in section 9.43 of a specific authorization to police officers to execute warrants or orders issued pursuant to that section implies that the police are divested of such authority is specious and if carried to its logical conclusion would also necessarily exclude Sheriffs, who are nowhere mentioned in that section. It must be emphasized that under the other sections of the article, physicians, psychiatrists, directors of community services and qualified mental health professional members of a mobile crisis-outreach program are all vested with unfettered discretion in choosing from among peace officers, police, Sheriffs or ambulance services with respect to transporting mentally ill persons, presumably so that such professionals can take into consideration the circumstances of the specific case. There is no rational basis for denying similar discretion to the courts, and, indeed, to do so would effectively restrict the courts' inherent power to make their lawful orders effective (*see, Matter of Boung Jae Jang v Brown*, 161 AD2d 49, 56).

Moreover, the authority of the police to transport and produce in court mentally ill persons is derived from sources independent of the Mental Hygiene Law and there is no need for additional specific statutory authorization in order to invest them with such authority. New York City Charter § 435 (a) confers upon police the obligation and authority to "preserve the public peace, prevent crime, detect and arrest offenders * * * protect the rights of persons and property, guard the public health * * * [and] enforce and prevent the violation of all laws and ordinances in force in the city." Thus, as recognized by the Court of Appeals in *Matter of Shannon B.* (70 NY2d 458, 462), the role of the police is not limited to enforcement of the criminal law, but is " 'a multifaceted one' ", which includes

the " 'protection of constitutional rights, the maintenance of order, the control of pedestrian and vehicular traffic, the mediation of domestic and other noncriminal conflicts and supplying emergency help and assistance' " (quoting *People v De Bour*, 40 NY2d 210, 218). This rationale makes clear that the police have not only the authority, but the obligation, to enforce an order of the court to produce in court, and remove to a proper facility, a mentally ill person. We note that the mere fact that the police may have argued in another action that they do not possess either the inclination or the resources to carry out courts' orders pursuant to Mental Hygiene Law § 9.43 is irrelevant, since the police are charged with the duty to enforce the law (*Matter of Boung Jae Jang v Brown, supra*, at 57-58; NY City Charter § 435).

Although defendants moved solely for dismissal of the complaint and did not seek declaratory relief, the proper recourse under such circumstances is to deny the motion to dismiss and declare the rights of the parties (*see, St. Lawrence Univ. v Trustees of Theological School of St. Lawrence Univ.*, 20 NY2d 317, 325). Accordingly, we find that the motion to dismiss the cause of action based on Mental Hygiene Law § 9.43 was properly denied and that the defendants are entitled to judgment declaring that the police have the authority to carry out such warrants and orders.

As to plaintiff's remaining claims, alleging that the Sheriff is the only agency authorized to serve, process and execute certain other warrants, orders, writs, etc., pursuant to various statutory provisions that name only the Sheriff, such claims should be dismissed. Even assuming that such functions belong exclusively to the Sheriff, plaintiff has not alleged that the police have or are about to carry out such functions and has therefore failed to set forth a justiciable controversy warranting declaratory relief (*see, Matter of Hunt Bros. v Glennon*, 81 NY2d 906, 910; *Cuomo v Long Is. Light. Co.*, 71 NY2d 349, 354).

Accordingly, the order of the Supreme Court, New York County (Jane Solomon, J.), entered October 8, 1996, which, insofar as appealed from as limited by the briefs, denied defendants' motion to dismiss the first and second causes of action, should be modified, on the law, to grant judgment to defendants under the first cause of action declaring that the police have the authority to carry out warrants and orders pursuant to Mental Hygiene Law § 9.43, and to grant the motion to dismiss the remaining claims, and should otherwise be affirmed, without costs.

MILONAS, J. P., WALLACH and RUBIN, JJ., concur.

Order, Supreme Court, New York County, entered October 8, 1996, modified, on the law, to grant judgment to defendants under the first cause of action declaring that the police have the authority to carry out warrants and orders pursuant to Mental Hygiene Law § 9.43, and to grant the motion to dismiss the remaining claims, and otherwise affirmed, without costs.