James E. TUCKER, Plaintiff,

v.

The COUNTY OF JEFFERSON, the County of Yates, Dale Mitchell, Individually and in his official capacity as Lieutenant of the Sheriff's Department of Yates County, Bradley A. Quayle, Individually and in his official capacity as Deputy Sheriff of the Yates County Sheriff's Department, Donald A. Schneider, Individually and in his official capacity as District Attorney for Yates County, Robert C. Foster, Individually and as Assistant District Attorney for Yates County, Marilyn Outwater, Individually and in her official capacity as Town Justice for the Town of Watertown, Jefferson County, New York, Donald F. Newberry, Individually and as Sheriff of Jefferson County, John Doe and James Roe, Individually and in their official capacities as Deputy Sheriffs of Jefferson & Yates Counties; "John Doe" and "James Roe" being fictitious names, but meaning and intending to indicate Sheriffs Deputies whose names are not known to, but caused James E. Tucker to be arrested at 3:52 a.m. on March 18, 1994, at his home in Evans Mills, New York; "William Smith", being a fictitious name, but meaning and intending to indicate a member of the Yates County Sheriff's Department; Douglas VanAmburg; and "John Smith", being a fictitious name, but meaning and intending to indicate an individual not a member of a Sheriff's Department who acted in concert with some or all of the other Defendants, Defendants.

No. 95–CV–0775.

United States District Court, N.D. New York.

Aug. 24, 2000.

Case & Leader, LLP, Gouverneur NY, for plaintiff, Robert J. Leader, of counsel.

Jefferson County Attorney, Watertown NY, for Jefferson County defendants, Charles M. Thomas, David J. Paulsen, of counsel.

## MEMORANDUM—DECISION & ORDER

McAVOY, District Judge.

Plaintiff commenced the instant action pursuant to 42 U.S.C. § 1983 claiming violations of his Fourth and Fourteenth Amendment rights arising out of his arrest. Presently before the Court are the Jefferson County Defendants'[1] ("Defendants") motion for summary judgment pursuant to Fed.R.Civ.P. 56 seeking dismissal of the Complaint in its entirety and Plaintiff's cross-motion pursuant to Fed. R.Civ.P. 56 seeking a determination of liability as a matter of law.

1. The Jefferson County Defendants include: Jefferson County, Donald Newberry, Jefferson County Sheriff's Dispatcher Debra L. Mahon, Jefferson County Sheriff's Department Sergeant Larry Jobson, and Jefferson County

## I. BACKGROUND

On December 4, 1993, Deputies from the Yates County, New York Sheriff's Department responded to a motor vehicle accident whereby the driver of a pickup truck lost control of the truck and struck a culvert. Plaintiff and Defendant Douglas VanAmburg were in the vehicle at the time of the accident. VanAmburg admitted to the police officers that he was driving the truck at the time of the accident. Thereupon, Yates County Sheriff's Deputy Bradley Quayle issued VanAmburg tickets charging him with driving while intoxicated ("DWI") and failure to keep right in violation of N.Y.Veh. & Traf.Law §§ 1192(3) and 1120(a) respectively. At some time between December 4, 1993 and March 1994, the Yates County Sheriff's Department canceled the tickets issued to VanAmburg.

On February 2, 1994, VanAmburg provided a voluntary statement to the Yates County Sheriff's Department stating that he was not, in fact, the operator of the truck at the time of the accident, but that he accepted responsibility to protect Plaintiff from getting another DWI charge. On March 16, 1994, over three months after the accident, Quayle filed an information in the Town Court of Italy, County of Yates, State of New York, charging that it was Plaintiff who was under the influence of alcohol and who had driven the truck into the culvert in violation of N.Y.Veh. & Traf. Law § 1192(3). That same day, Justice Duane Shay of the Town Court of Italy issued a warrant for Plaintiff's arrest executable by "any Police Officer of the Yates County Sheriff's Department" on charges of DWI and failure to keep right in violation of N.Y.Veh. & Traf.Law §§ 1192(3) and 1120(a) respectively. The warrant indicated that it "[m]ay be executed in County of issuance or adjoining County. 120.70."

Sheriff's Department Deputy James Gould. By stipulations dated July 5 and August 16, 2000, this action has been discontinued as to the other named Defendants.

The warrant was returnable before the Town Court of Italy.

At 3:10 a.m. on March 18, 1994, Jefferson County Sheriff's Dispatcher Debra L. Mahon received a teletype on the New York State Police Information Network ("NYSPIN") from the Yates County Sheriff's Department. The teletype was directed to "APB ATTN JEFFERSON CO SO," marked as a "File 5," and noted that Plaintiff was wanted on a warrant for violating N.Y.Veh. & Traf.Law § 1192 and that bail had been set at $800 cash.

Mahon contacted Jefferson County Sheriff's Department Sergeant Larry Jobson who was on road patrol and asked him to contact her. Jobson then telephoned Mahon. Mahon told Jobson she had received a "File 5" teletype for Plaintiff's arrest and gave Jobson Plaintiff's address. Jobson later radioed Mahon stating that he could not locate that address.

Mahon performed a driver's license search to locate an address and telephone number for Plaintiff. Mahon then telephoned Plaintiff, explained to Plaintiff that Jobson was on his way to talk with him, and asked Plaintiff for directions to his home. Mahon did not inform Plaintiff that Jobson would be executing an arrest warrant. Jobson requested that Deputy Gould respond to the residence to assist him as backup.

At 3:52 a.m., the Yates County Warrant Office faxed the arrest warrant for Plaintiff along with the information and supporting deposition of VanAmburg to the Jefferson County Sheriff's Department.

Jobson arrived at Plaintiff's residence and telephoned Mahon to confirm that Plaintiff was the person named in the "File 5" teletype. Mahon confirmed Plaintiff's identity and advised Jobson that she had a facsimile copy of the arrest warrant. It is undisputed that neither Jobson nor Gould had seen the arrest warrant and supporting documents at the time they arrested Plaintiff. The parties dispute whether Plaintiff was arrested before or after Jobson telephoned Mahon.

At 4:08 a.m., Mahon sent a "warrant locate" over the NYSPIN advising the Yates County Sheriff's Department that Plaintiff had been arrested and the active file on the warrant could be canceled. The warrant locate indicated that Plaintiff was to be arraigned before Justice Outwater, Town Justice of the Town of Watertown.

Jobson then drove Plaintiff to the Town of Watertown to be arraigned. Gould drove to the Jefferson County Sheriff's Department to obtain copies of the arrest warrant and supporting documents faxed by Yates County. Gould then brought the documents to the court and returned to road patrol. Jobson first saw the arrest warrant and supporting documents at the arraignment. Plaintiff was arraigned and posted bail posted of $800 cash. Plaintiff was tried in the Town of Italy on the charges against him and found by a jury to be not guilty.

Plaintiff then commenced the instant action pursuant to 42 U.S.C. § 1983 claiming violations of his Fourth and Fourteenth Amendment rights and asserting state law claims of false arrest, malicious prosecution, and violations of various provisions of the New York Criminal Procedure Law. Plaintiff has since discontinued this action as against the Yates County Defendants. Presently before the Court are the Jefferson County Defendants' motion for summary judgment pursuant to Fed.R.Civ.P. 56 seeking dismissal of the Complaint in its entirety and Plaintiff's cross-motion for summary judgment seeking a determination of liability as a matter of law.

## II. DISCUSSION

### A. Summary Judgment Standard

This Court has set forth the applicable standard for summary judgment in numerous reported decisions, *see, e.g., Hoffman v. County of Delaware,* 41 F.Supp.2d 195 (N.D.N.Y.1999), *aff'd,* 205 F.3d 1323 (2d Cir.2000), and need not restate it here.

The Court will apply the standards set forth in those decisions to the pending motions.

## B. Constitutional Violation

Plaintiff contends that his constitutional rights were violated because an officer of the Jefferson County Sheriff's Department improperly arrested him on a warrant issued by a Town Justice for the Town of Italy, County of Yates. Plaintiff does not argue that the warrant was improperly issued. Rather, he contends that N.Y.CRIM.PRO.LAW § 120.70(2)(b) forbids the Jefferson County Defendants from executing it because a local criminal court had not endorsed it.

Indeed, § 120.70(2) provides that:

A warrant of arrest issued by a ... town court ... may be executed: (a) In the county of issuance or in any adjoining court; or (b) Anywhere else in the state upon the written endorsement thereon of a local criminal court of the county in which the arrest is to be made.

It is undisputed here that Yates County does not adjoin Jefferson County and, thus, § 120.70(2)(a) does not apply here. Similarly, there is no dispute that the warrant at issue here was not endorsed by a local criminal court in Jefferson County. Accordingly, the Jefferson County Defendants executed the warrant in violation of § 120.70.

Defendants argue that Plaintiff has not been deprived of a constitutionally protected right because: (1) a violation of the New York Criminal Procedure Law is not a right protected by the Fourth Amendment; (2) Plaintiff was arrested pursuant to a facially valid warrant; and (3) regardless of any procedural defects in the execution of the warrant, the arrest was based on probable cause. Alternatively, Defendants argue that they are entitled to qualified immunity because they reasonably relied upon a warrant that was valid on its face.

■ To state a claim under § 1983, a Plaintiff must demonstrate two essential elements: (1) that Defendants acted under color of state law, and (2) as a result of Defendant's actions, Plaintiff suffered a denial of her federal statutory rights, or her constitutional rights or privileges. *See* 42 U.S.C. § 1983; *see also Annis v. County of Westchester,* 136 F.3d 239, 245 (2d Cir.1998). There is no question here that the Defendants, employees of Jefferson County, were acting under color of state law. The central issue is whether Defendants' actions caused Plaintiff to be denied a federal statutory or constitutional right or privilege.

Defendants are correct in noting that arrests in violation of state law do not necessarily violate the Fourth Amendment. *See Abbott v. City of Crocker, Mo.,* 30 F.3d 994, 997 (8th Cir.1994); *United States v. Smith,* 9 F.3d 1007, 1014 (2d Cir.1993); *United States v. Pforzheimer,* 826 F.2d 200 (2d Cir.1987); *see also Cooper v. California,* 386 U.S. 58, 87 S.Ct. 788, 790, 17 L.Ed.2d 730 (1967) ("[T]he question here is not whether the search was authorized by state law. The question is rather whether the search was reasonable under the Fourth Amendment. Just as a search authorized by state law may be an unreasonable one under that amendment, so may a search not expressly authorized by state law be justified as a constitutionally reasonable one."). The question is whether there has been a violation of a federal right, which here is claimed to be the Fourth Amendment. *See United States v. Scopo,* 19 F.3d 777, 785 (2d Cir.), *cert. denied,* 513 U.S. 877, 115 S.Ct. 207, 130 L.Ed.2d 136 (1994).

The Fourth Amendment protects against unreasonable searches and seizures. *See* U.S. CONST. AMEND. IV; *see also Townes v. City of New York,* 176 F.3d 138, 145 (2d Cir.), *cert. denied,* — U.S. ——, 120 S.Ct. 398, 145 L.Ed.2d 311 (1999); *Gudema v. Nassau County,* 163 F.3d 717, 721 (2d Cir.1998). "Absent exigent circumstances ..., the warrantless

entry of law enforcement officers into the private home of a suspect, for the purpose of making an arrest supported by probable cause, is barred by the Fourth Amendment." *United States v. Deutsch,* 987 F.2d 878, 883 (2d Cir.1993) (internal quotations and citation omitted); *Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 1374, 63 L.Ed.2d 639 (1980). Defendants do not contend that exigent circumstances were present here and they would be hard pressed to do so; thus, absent some other exception, it would have been improper to arrest Plaintiff in his home absent a warrant regardless of whether they acted with probable cause. Moreover, Defendants do not argue that any exceptions to the warrant requirement, such as consent, apply here. *See Payton,* 100 S.Ct. at 1374. Rather, Defendants contend that the arrest was reasonable because they acted pursuant to a warrant.

■ Indeed, Defendants acted on a warrant and Plaintiff does not now question whether the warrant was supported by probable cause. The warrant was signed by a town justice, provided for execution "forthwith," identified the person to be arrested, and stated the criminal statutes Plaintiff was alleged to have violated. *See United States v. Moore,* 742 F.Supp. 727, 728 (N.D.N.Y.1990), *aff'd,* 968 F.2d 216 (2d Cir.), *cert. denied,* 506 U.S. 980, 113 S.Ct. 480, 121 L.Ed.2d 385 (1992). The warrant also contained the elements set forth at N.Y.CRIM.PROC.LAW §§ 120.10(2); 120.20(1); 120.30(1); 120.50. Thus, the warrant was facially valid and Plaintiff does not contest otherwise.

There were, however, problems with the warrant's execution under state law. The New York State Constitution provides that "[t]he legislature may provide ... that processes, warrants and other mandates of town, village and city courts ... may be served and executed in any part of the county in which such courts are located or in any part of any adjoining county." N.Y. CONST. ART. 6, § 1(c). Pursuant to this constitutional provision, the N.Y. CRIMINAL PROCEDURE LAW provides that "[a] warrant of arrest issued by a city court, a town court or a village court may be executed ... [i]n the county of issuance or any adjoining county." N.Y.CRIM.PROC.LAW § 120.70(2)(a). To be executed in any other location within the state, as was done here, the warrant must be endorsed by a local criminal court, which was not done here. *See* N.Y.CRIM.PROC.LAW §§ 120.70(2)(b), 120.60; *see also Titus v. Hill,* 134 A.D.2d 911, 521 N.Y.S.2d 932 (4th Dep't 1987) ("Since there must be strict compliance with the requirements for the issuance of a warrant of arrest, this warrant is invalid on its face."). The warrant at issue here plainly stated on its face that it was directed to "any Police Officer of the Yates County Sheriff's Department" and that it could only be "executed in the County of issuance or adjoining County." Thus, under state law, the warrant was improperly executed.

■ Notwithstanding this violation of state law, a survey of federal cases reveals that the execution of the warrant by the Jefferson County Defendants did not encroach upon Plaintiff's Fourth Amendment rights. In this regard, the instant matter is similar to *United States v. Gilbert,* 942 F.2d 1537 (11th Cir.1991), *cert. denied,* 503 U.S. 949, 112 S.Ct. 1510, 117 L.Ed.2d 648 (1992), wherein federal agents and municipal police officers executed a search warrant directed to the sheriff. Although a state statute provided that the warrant could only be executed by the officers mentioned therein, the Eleventh Circuit noted that "constitutional considerations, rather than the demands of state law, direct our resolution of this issue." *Id.* at 1541. The court continued to state that:

We may agree that state authority did not empower these municipal officers to execute this particular warrant. State authority, however, clearly empowered them to execute warrants at the location at issue in this search.... [W]e find no reason why we should hold the ... failure to designate [the municipal police

officers] on the search warrant to be an error of constitutional proportion. The state, after all, empowered both to make searches of this sort at this location, and would have permitted them to make *this* search if [the warrant had been drafted] ... according to the state's requirements. More importantly, the error implicated none of the interests that the Fourth Amendment protects.

*Id.* at 1541. As Judge Tjoflat stated in his concurring opinion, "[t]his case does not require an analysis of the niceties of state ... law on persons authorized to execute a search warrant. Instead, this case presents a straightforward fourth amendment issue.... This search was conducted pursuant to a search warrant issued by a neutral and detached magistrate.... Moreover, the warrant was clearly issued on probable cause." *Id.* at 1542.

In *Abbott v. City of Crocker, Mo.*, 30 F.3d 994 (8th Cir.1994), a city police officer arrested the defendant outside of the city limits. The criminal defendant then commenced a § 1983 action claiming, among things, that his Fourth Amendment rights were violated because the police officer did not have authority under state law to effectuate the arrest outside of the city limits. The district court determined that, because the arrest violated state law, it necessarily constituted a violation of the Fourth Amendment and entered judgment as a matter of law in favor of the plaintiff. The Eighth Circuit reversed stating that "not every unauthorized arrest is 'unreasonable' in the constitutional sense." *Id.* at 997. The court found that there was an important "distinction between compliance with state law and constitutional principles." *Id.* The court then remanded the case for a new trial for a determination of "whether the arrest was objectively reasonable under all the circumstances, including the fact that the officer lacked authority under state law to make the arrest." *Id.* at 998.

Other circuit courts have reached similar results. For example, in *United States*

*v. Van Metre*, 150 F.3d 339, 346 (4th Cir. 1998), the criminal defendant argued that certain evidence should be suppressed because "his arrest, predicated upon a Pennsylvania civil bench warrant, was unlawful in violation of the Fourth Amendment because the Tennessee authorities failed to obtain a 'fugitive of justice' warrant for his arrest as required by Tennessee law [the place where he was arrested.]" The Court held that, notwithstanding the defendants' failure to comply with Tennessee law in effectuating the arrests, "[i]n this case, we have no fewer than three valid warrants [and, thus,] unless Van Metre can demonstrate that these warrants are constitutionally deficient, he has no basis for asserting that his arrest was made in violation of the Constitution." *Id.* at 347. The Court continued:

> We agree with the district court's observation that
>
> "[f]rom a Constitutional standpoint it is only important that there were valid warrants at the time of the arrest. Because the police had valid warrants, the arrest was legal." That the arrest may or may not have been conducted in accordance with Tennessee state law is irrelevant to our analysis.

*Id.*

In *Street v. Surdyka*, 492 F.2d 368, 371 (4th Cir.1974), Street commenced a § 1983 claim against a police officer contending that his Fourth Amendment rights were violated when he was arrested in violation of a Maryland law prohibiting officers from making warrantless arrests for misdemeanors committed outside the arresting officer's presence. The Fourth Circuit stated that:

> [I]f Officer Surdyka violated this Maryland law, he may be liable to plaintiff in an action under the common law of false arrest or false imprisonment. But section 1983 does not provide a remedy for common law torts. Instead it creates a federal cause of action against those acting under color of state law who cause a

"deprivation of any rights, privileges, or immunities secured by the Constitution and laws (of the United States)."

The court then noted that the Fourth Amendment does not prohibit arrests for misdemeanors committed outside of the officer's presence and that a cause of action pursuant to § 1983 for a Fourth Amendment violation lies only where the arresting officer lacks probable cause. *See id.* at 372; *see also Fields v. City of South Houston, Texas,* 922 F.2d 1183, 1189 (5th Cir.1991).

In *United States v. Green,* 178 F.3d 1099, 1105 (10th Cir.1999), the criminal defendant contended that certain evidence should be suppressed because his Fourth Amendment rights were violated when officers from the Wichita Police Department executed a search warrant outside of their jurisdictional limits as defined by state law. In line with the cases discussed *supra,* the court stated that:

> [T]he fact that the arrest, search, or seizure may have violated state law is irrelevant as long as the standards developed under the Federal Constitution were not offended.... The Fourth Amendment is satisfied where, as here, officers obtain a warrant, grounded in probable cause and phrased with sufficient particularity, from a magistrate of the relevant jurisdiction authorizing them to search a particular location, even if those officers are acting outside their jurisdiction as defined by state law.

*Id.* at 1105–06 (internal quotations and citations omitted); *see also Pforzheimer,* 826 F.2d 200 (declining to apply state law in determining whether to suppress evidence in a federal prosecution); *Fritts v. Thompson,* 413 F.Supp. 668 (E.D.Tenn.1976) (stating that "[w]hether the City Judge of Harriman had jurisdiction to issue the warrant and whether the railroad policeman had authority to execute a state search warrant are questions for the

courts of the State of Tennessee, not [a federal] Court.... The grounds presented ... to this Court challenging the search do not have constitutional proportions.").

■ It is clear that violations of state law do not *a fortiori* constitute violations of federal law. *See Abbott,* 30 F.3d 994; *Gilbert,* 942 F.2d 1537; *Pforzheimer,* 826 F.2d 200. Again, the Fourth Amendment protects against unreasonable seizures. In the context of an arrest in one's home, this ordinarily means freedom from seizure absent a warrant based on probable cause. Here, a neutral and detached magistrate (a Yates County town justice) made an independent finding of probable cause based on the criminal information filed by the Yates County Sheriff's Department and the supporting affidavit of VanAmburg and issued a warrant for Plaintiff's arrest. This is all the Fourth Amendment requires.

The Fourth Amendment does not provide Plaintiff with additional protections merely because, at the time the warrant was to be executed, he was located in one county in the state as opposed to another. The federal constitution provides for a common denominator of rights to be applied across the country. *See, e.g., Pforzheimer,* 826 F.2d at 204 (Stating, in the criminal context, that "[c]learly, it is important that there be uniformity of evidentiary rules among the federal courts."). One's rights under the federal constitution ought not, and do not, depend upon where he or she may be located within the country.

The only deficiency here was the failure to have the warrant endorsed by a local Jefferson County criminal court.[2] Because of this deficiency, the officers were not authorized under state law to make an arrest pursuant to the warrant. Had this state law procedural requirement been fulfilled, the arrest would have been entirely

---

2. It is interesting to note that there is no indication that, under state law, the endorsing court has to make an independent determination of probable cause, rather than merely perform the ministerial act of signing off on the warrant.

lawful. As in *Gilbert*, *Street*, and the other cases cited above, the Court finds that, under the facts and circumstances of this case, this procedural error is not of federal constitutional magnitude. The mere fact that the arrest was not authorized by state law does not render it unconstitutional. Because Plaintiff was arrested on a facially valid warrant supported by probable cause, he has suffered no violation of his federal constitutional rights notwithstanding any violations of the state criminal procedure law or the state constitution.[3]

## III. CONCLUSION

■ For the foregoing reasons, the Court finds that Plaintiff has not suffered a violation of his Fourth Amendment rights. Accordingly, Defendants' motion for summary is GRANTED, Plaintiff's cross-motion for summary judgment is DENIED, and the Complaint is DISMISSED IN ITS ENTIRETY.[4]

**IT IS SO ORDERED**

---

**3.** The Court notes that Jobson and Gould were authorized by state law to effectuate arrests and execute warrants in Jefferson County. *See Rivera v. Russi*, 243 A.D.2d 161, 674 N.Y.S.2d 42 (1ST Dep't 1998); *Liggett v. Pichler*, 142 A.D.2d 206, 534 N.Y.S.2d 973 (1st Dep't 1988), *appeal denied*, 74 N.Y.2d 606, 543 N.Y.S.2d 399, 541 N.E.2d 428 (1989); *see also* N.Y. COUNTY LAW § 650. However, like the concurring opinion in *Gilbert*, the Court does not believe this issue to be dispositive. Rather, the inquiry is whether there was an unreasonable seizure in violation of the Fourth Amendment.

**4.** As previously noted, Plaintiff stipulated to discontinue this action against Defendants County of Yates, Dale Mitchell, Donald Schneider, Robert Foster, and Bradley Quayle. Accordingly, the claims against those Defendants are dismissed.

Having dismissed the remainder of Plaintiff's federal claims on summary judgment, the Court declines to exercise supplemental jurisdiction over any remaining state law claims. *See* 28 U.S.C. § 1367(c)(3); *see also Castellano v. City of New York*, 142 F.3d 58, 74 (2d Cir.), *cert. denied*, 525 U.S. 922, 119 S.Ct. 276, 142 L.Ed.2d 228 (1998).