Raymond J. HOTALING, Jr., Plaintiff,

v.

John E. LaPLANTE, Individually, and in His Official Capacity as a Member of the New York State Police, Defendant.

No. 98–CV–901.

United States District Court, N.D. New York.

Aug. 21, 2001.

Richard L. Mott, Albany, NY, for Plaintiff.

Hon. Eliot Spitzer, Attorney General of the State of New York, Defendant, Office of the Attorney General, Albany, NY, Eric D. Handelman, Asst. Attorney General, of Counsel.

### MEMORANDUM–DECISION AND ORDER

HURD, District Judge.

## I. INTRODUCTION

On June 8, 1998, plaintiff Raymond J. Hotaling ("Hotaling") commenced the instant action against defendant New York State Police Trooper John E. LaPlante ("Tpr.LaPlante"), pursuant to 42 U.S.C. §§ 1983, 1985,[1] and 1988, alleging that the defendant violated his rights under the

---

1. Though plaintiff has invoked Section 1985, he has proffered no evidence of a conspiracy based upon class or race-based discriminatory animus. *See Malatesta v. New York State Div. of State Police,* 120 F.Supp.2d 235, 241 (N.D.N.Y.2000) ("Section 1985 does not provide a remedy for conspiracies that are not based on 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'") (quoting *Griffin v. Breckenridge,* 403 U.S. 88, 101–02, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971)). Accordingly, this claim must be dismissed.

Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Defendant now moves for partial summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff opposes. The motion was taken on submission without oral argument on April 5, 2001.

## II. FACTS

This action arises out of the arrest of plaintiff by defendant on August 27, 1996. The following are the facts stated in the light most favorable to the nonmoving plaintiff.

On August 27, 1996, Correctional Officer Joseph Scalera ("C.O.Scalera") contacted the New York State Police barracks at Claverack, New York, and requested that an officer be dispatched to the diner from which he was calling, based on an incident between himself and Hotaling. Tpr. LaPlante responded to the call and met C.O. Scalera at the diner. C.O. Scalera was in his correctional officer uniform and was accompanied by two co-workers, who were also in uniform.

C.O. Scalera told Tpr. LaPlante that he had been driving along the road when his car was sprayed with pebbles from Hotaling's lawnmower. He indicated that he stopped the car, and confronted plaintiff about the damage. Plaintiff invited him to his place of business to discuss the matter, and C.O. Scalera followed him to the business. When they arrived at plaintiff's business, C.O. Scalera claimed that Hotaling ignored him and began mowing his lawn.

C.O. Scalera then claimed that when he approached Hotaling, he became agitated and hostile. He told Tpr. LaPlante that plaintiff shoved him, cocked his fist at him, and threatened to knock him out. He told defendant that at that point in the confrontation, he decided to avoid a physical altercation and went to call for police assistance. C.O. Scalera gave a sworn statement outlining the alleged confrontation.

Tpr. LaPlante confirmed C.O. Scalera's version of events with his two co-workers, then explained that he believed Hotaling's conduct constituted second degree harassment. Defendant also indicated that he could not arrest Hotaling without a warrant because he had not witnessed the conduct at issue, but that C.O. Scalera could utilize his powers as a peace officer to effect the initial arrest. Later, C .O. Scalera allegedly did so by pointing to Hotaling and indicating that he was under arrest.[2] He then requested that Tpr. LaPlante assume responsibility for the arrest of plaintiff.

Tpr. LaPlante seized Hotaling, and attempted to escort him to his patrol car. Plaintiff shouted, "What the hell are you doing?" and allegedly attempted to spin away from Tpr. LaPlante. Plaintiff was subsequently arraigned on charges of Harassment in the Second Degree and two counts of Obstructing Governmental Administration in town court in Taghkanic, New York.[3] All of these charges were subsequently dismissed. The instant action followed.

## III. STANDARD OF REVIEW

### A. Summary Judgment

A moving party is entitled to summary judgment "if the pleadings, depositions,

---

**2.** Hotaling contends that neither C.O. Scalera nor Tpr. LaPlante informed him that he was under arrest. (Pl. Mem. at 6.)

**3.** The second count of Obstructing Governmental Administration arose from an incident at the state police barracks. This incident forms the basis of plaintiff's excessive force claim, and is not the subject of the instant motion.

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The ultimate inquiry is whether a reasonable jury could find for the nonmoving party based on the evidence presented, the legitimate inferences that could be drawn from that evidence in favor of the nonmoving party, and the applicable burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In determining a motion for summary judgment, all inferences to be drawn from the facts contained in the exhibits and depositions "must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Hawkins v. Steingut*, 829 F.2d 317, 319 (2d Cir.1987). Nevertheless, "the litigant opposing summary judgment 'may not rest upon mere conclusory allegations or denials' as a vehicle for obtaining a trial." *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir.1980) (quoting *SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir.1978)).

### B.  *42 U.S.C. § 1983*

■ To recover damages under 42 U.S.C. § 1983, plaintiffs must show that: (1) "the conduct complained of was committed by a person acting under color of state law"; and (2) such "conduct deprived [plaintiffs] of rights, privileges or immunities secured by the Constitution or laws of the United States." *Greenwich Citizens Comm., Inc. v. Counties of Warren and Washington Indus. Dev. Agency*, 77 F.3d 26, 29–30 (2d Cir.1996) (quoting *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)).

## IV.  DISCUSSION

In his complaint, Hotaling asserts four causes of action against the defendant. The four causes of action are (1) false arrest, (2) malicious prosecution, (3) excessive force, and (4) constitutional assault. These causes of action are pled against Tpr. LaPlante in both his official and individual capacities. Tpr. LaPlante moves for summary judgment on the first, second, and fourth causes of action.[4] The issues relevant to each basis for liability are discussed below.

### A.  *Official Capacity*

■ Defendant asserts that he is not subject to suit under Section 1983 in his official capacity. Plaintiff does not oppose dismissal of the complaint against Tpr. LaPlante to the extent it seeks to impose liability in his official capacity. It is well-settled that states and state officials acting in their official capacities are not "persons" under Section 1983, and thus cannot be liable for deprivations of constitutional rights under the statute. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 62–71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Yoonessi v. State University of New York*, 862 F.Supp. 1005, 1012 (W.D.N.Y.1994). To the extent that plaintiff is suing Tpr. LaPlante in his official capacity as a member of the New York State Police, his claims must be dismissed.

### B.  *Individual Capacity*

As to the first, second, and third causes of action against Tpr. LaPlante in his individual capacity, the defendant advances

---

**4.** Tpr. LaPlante concedes that there are genuine issues of material fact that preclude a grant of summary judgment as to the third cause of action for excessive force. (Def. Mem. at 1.) Accordingly, he has not moved for summary judgment on this claim.

various arguments based on the merits of these claims.[5]

### 1. *False Arrest*

Hotaling's first cause of action is for false arrest in violation of his rights under the Fourth Amendment to be free from unlawful search and seizure. Tpr. La-Plante argues that this cause of action must be dismissed because he had probable cause to arrest Hotaling based on his conversation with C.O. Scalera and his passengers. Plaintiff contends that summary judgment is not warranted because defendant has failed to show an absence of questions of material fact as to the existence of probable cause.

■ To establish a cause of action for false arrest, a plaintiff must prove that (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. *See Kirk v. Metropolitan Transportation Auth.*, No. 99–CV–3787, 2001 WL 258605, *9 (S.D.N.Y. March 14, 2001)(citing *Weyant v. Okst*, 101 F.3d 845, 853 (2d Cir. 1996)). Here, only the fourth element is at issue.

■ The existence of probable cause to arrest constitutes justification and is a complete defense to a claim for false arrest. *Weyant*, 101 F.3d 845, at 852. Probable cause exists when officers "have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Posr v. Court Offi-*

cer Shield No. 207, 180 F.3d 409, 414 (2d Cir.1999)(quoting *Weyant*, 101 F.3d at 852). Specifically, a police officer may rely upon the statements of victims and witnesses to determine the existence of probable cause for the arrest, *see Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir.2000), regardless of the ultimate accurateness or truthfulness of the statements. *See Bernard v. United States*, 25 F.3d 98, 103 (2d Cir.1994). The inquiry into the existence of probable cause is an objective one. *See Martinez*, 202 F.3d at 632–33 (citing *Wilson v. Layne*, 526 U.S. 603, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999)). The plaintiff bears the ultimate burden of showing that probable cause did not exist. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Ruggiero v. Krzeminski*, 928 F.2d 558, 562 (2d Cir.1991).

■ Even viewing the facts and inferences in the light most favorable to the plaintiff, the record reflects that Tpr. La-Plante did have probable cause to arrest Hotaling. While some discrepancies between the testimony of the two parties exist, it is undisputed that Tpr. LaPlante relied upon the statements of C.O. Scalera to determine that he had probable cause to arrest Hotaling. In addition, Tpr. La-Plante spoke to C.O. Scalera's passengers who were also corrections officers. Both passengers corroborated C.O. Scalera's version of events. Because a reasonable person would find that the statements of the alleged victim and witnesses to the incident constitute knowledgeable and trustworthy sources, Tpr. LaPlante possessed probable cause to arrest Hotaling.

The plaintiff argues that even if Tpr. LaPlante was privileged to rely upon the statement of C.O. Scalera, he nonetheless

---

**5.** The defendant argues that he is entitled to qualified immunity for his actions in this case. Because this motion is decided on the merits of the plaintiff's claims, it is not necessary to

decide this issue. *See Horton v. Town of Brookfield*, No. 98–CV–1834, 2001 WL 263299, *7 n. 2 (D.Conn. March 15, 2001).

lacked probable cause because the conduct reported by C.O. Scalera did not constitute the crime charged under New York law. Under N.Y. Penal Law § 240.26(1), a person is guilty of Harassment in the Second Degree when, "with intent to harass, annoy or alarm another person" the person "strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempt or threatens to do the same." While it is undisputed that Hotaling threatened C.O. Scalera with physical contact, Hotaling asserts that the record lacks any evidence of his intent to harass, annoy, or alarm C.O. Scalera. He argues that this absence is evidenced by the totality of the circumstances. In particular, the plaintiff asserts that the sequence of events in this case demonstrate that his actions were spontaneous, and thus, without the requisite intent.

Hotaling's argument is misplaced. His argument focuses upon whether or not the evidence supports the view that his conduct did not, in fact, constitute Harassment in the Second Degree. As stated above, the relevant inquiry is whether or not Tpr. LaPlante acted reasonably in relying on C.O. Scalera's and the two corrections officers' statements to conclude that he had probable cause to arrest Hotaling. Nothing in the record shows that it was unreasonable for the defendant to conclude that plaintiff's actions were with the required intent.

The record in this case demonstrates that Tpr. LaPlante was informed that Hotaling invited C.O. Scalera onto his property, then proceeded to confront him and threaten him with bodily harm. It was not unreasonable for defendant to conclude from this version of events that plaintiff had threatened to strike C.O. Scalera "with intent to ... alarm" him in violation of New York Penal Law § 240.26(1). The mere fact that further investigation might

have revealed a contrary conclusion is not sufficient to render Tpr. LaPlante's conduct unreasonable. *See, e.g., Landy v. Irizarry,* 884 F.Supp. 788, 795 n. 10 (S.D.N.Y.); *Dirienzo v. United States,* 690 F.Supp. 1149, 1157 (D.Conn.1988) (where facts available to officers demonstrate probable cause for arrest, officers have no "affirmative duty to exhaust all possible avenues of investigation").

In addition to his arguments addressed to the issue of probable cause, Hotaling argues that the arrest violated his Fourth Amendment rights because it was effected in violation of New York Criminal Procedure Law § 140.10(1), which requires a police officer to obtain a warrant before arresting a person for a misdemeanor that did not occur in the officer's presence. According to plaintiff, defendant did not merely take him into custody after an arrest initiated by C.O. Scalera, but instead claims that it was the defendant who made the initial arrest. According to Hotaling, this violation of state law constituted a deprivation of his Fourth Amendment rights because Tpr. LaPlante "falsely arrested" him without authority under state law. (Pl. Mem. at 11.)

Regardless of who effected the initial arrest of Hotaling, this argument must fail. There is no requirement under the Fourth Amendment that a police officer personally witness the conduct upon which he or she relies to establish the existence of probable cause. *See Street v. Surdyka,* 492 F.2d 368, 371 (4th Cir.1974)("Even if [the plaintiff] violated Maryland arrest law, he cannot be liable under section 1983 unless he also violated the federal constitutional law governing warrantless arrests."); *United States v. Smith,* 9 F.3d 1007, 1014 (2d Cir.1993) (validity of search in federal prosecution is whether federal, not state, constitution is satisfied). In considering a plaintiff's

claims under Section 1983, "[t]he question is whether there has been a violation of a federal right, which here is claimed to be the Fourth Amendment." *Tucker v. County of Jefferson*, 110 F.Supp.2d 117, 120 (N.D.N.Y.2000)(citing *United States v. Scopo*, 19 F.3d 777, 785 (2d Cir.1994)). Because Tpr. LaPlante did have a sufficient factual basis to conclude that probable cause existed for the arrest of Hotaling, the mere fact that he did not personally witness the alleged conduct and may have acted in violation of state law is not sufficient to establish a violation of the Fourth Amendment. Accordingly, because Tpr. LaPlante had probable cause to arrest the plaintiff, and because the arrest was not otherwise constitutionally invalid, his motion for summary judgment must be granted as to plaintiff's first cause of action.

### 2. *Malicious Prosecution*

██ Plaintiff's second cause of action is for malicious prosecution. The elements of a claim of malicious prosecution under § 1983 and state law are: (1) the initiation and continuation of a criminal proceeding by the defendant against the plaintiff; (2) lack of probable cause for commencing the criminal proceeding; (3) actual malice; and (4) the termination of the proceeding in favor of the accused. *Cook v. Sheldon*, 41 F.3d 73, 79 (2d Cir.1994).[6]

██ As with a claim for false arrest, the existence of probable cause is an absolute defense to a cause of action for malicious prosecution. *See Raymond v.*

*Bunch*, 136 F.Supp.2d 71, 80 (N.D.N.Y. 2001). Because, as discussed above, probable cause existed for Tpr. LaPlante's arrest of Hotaling, this claim must also be dismissed.

### 3. *Constitutional Assault Claim*

The defendant also moves for summary judgment on plaintiff's fourth cause of action which asserts a cause of action for deprivation of rights secured by the Fifth and Fourteenth Amendments, including "his right to be free from being unlawfully assaulted and his liberty to be secure in his person." (Complaint ¶ 22). The defendant argues that this claim must be dismissed because it is duplicative of plaintiff's third cause of action for excessive force. Hotaling offers no opposition to dismissal of his fourth cause of action.

██ This cause of action is properly dismissed because "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process,' must be the guide for analyzing these claims.'" *Bisignano v. Harrison Central School District*, 113 F.Supp.2d 591 (S.D.N.Y.2000) (quoting *Albright v. Oliver*, 510 U.S. 266, 273, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (plurality opinion of Rehnquist, C.J.)). *See also Tenenbaum v. Williams*, 193 F.3d 581, 600 (2d Cir.1999), cert. denied, 529 U.S. 1098, 120 S.Ct. 1832, 146 L.Ed.2d 776 (2000). Plaintiff's consti-

---

6. Though not necessary to the resolution of this motion, it is of note that a plaintiff bringing such claims may also be required to demonstrate the existence of a post-arraignment deprivation of liberty rising to the level of a Fourth Amendment violation because such claims brought pursuant to § 1983 are predicated upon a violation of the Fourth Amendment right to be free from unreasonable sei-

zure. *See Singer v. Fulton County Sheriff*, 63 F.3d 110, 116 (2d Cir.1995). *But see Lowth v. Town of Cheektowaga*, 82 F.3d 563, 573 (2d Cir.1996) (addressing malicious prosecution claim without reference to requirement of deprivation of liberty). Because probable cause existed in this case, it is not necessary to resolve this issue.

tutional assault claim is nothing more than a claim of excessive force in the course of an arrest. Therefore, it is subsumed within his third cause of action and is hereby dismissed.

## V. *CONCLUSION*

After careful consideration of the objections and submissions of the parties, the relevant parts of the record, and the applicable law, it is hereby

ORDERED that

1. Defendant John E. LaPlante's motion for partial summary judgment is GRANTED;

2. Plaintiff Raymond Hotaling's first, second, and fourth causes of action are DISMISSED; and

3. Plaintiff's complaint against defendant in his official capacity is DISMISSED.

IT IS SO ORDERED.